# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROLAND HAMILTON, | ) |
| Plaintiff, | ) |
| v. | ) 3:15-cv-87-RCJ-VPC |
| ANDRE NATALI et al., | ) **SCREENING ORDER** |
| Defendants. | ) |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. (ECF No. 1, 1-1, 1-2). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I.   SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues Defendants Correctional Officer Andre Natali, Deputy Director Sheryl Foster, Deputy Director Scott K. Sisco, Warden Dwight W. Neven, and John Doe Sergeant. (*Id.* at 2-3). Plaintiff alleges two counts and seeks monetary damages and the termination of Natali. (*Id.* at 5, 10).

### A.     Count I

In Count I, Plaintiff alleges the following: On April 2, 2013, Natali stole two 22-ounce coffee mugs from Plaintiff out of Plaintiff's personal box. (ECF No. 1-1 at 4). Natali told Plaintiff that the mugs were unauthorized at HDSP and threw them in the trash without filling out any paperwork. (*Id.*). When Sisco responded to Plaintiff's grievance, Sisco said Plaintiff did not provide proof of ownership even though the mugs were listed on Plaintiff's inmate inventory transfer form. (*Id.*). Plaintiff alleges a due process violation. (*Id.*).

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures,

3

1 regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

Based on the allegations, it appears that Plaintiff is alleging that Natali conducted an intentional, unauthorized deprivation of Plaintiff's property because Natali did not fill out any paperwork. The State of Nevada provides Plaintiff with a meaningful post-deprivation remedy for this type of loss. *See* Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury). As such, the Court dismisses this claim with prejudice, as amendment be futile.

### B. Count II

In Count II, Plaintiff alleges the following: On April 29, 2013, CERT officers Backham and Cobb put Plaintiff in a belly chain and took him to Valley Hospital in Las Vegas. (ECF No. 1-1 at 5). After Plaintiff was admitted to the hospital, Cobb called the prison, talked to John Doe Sergeant, and asked whether they could remove Plaintiff's belly chain. (*Id.*). John Doe Sergeant told Cobb "no" and said that Plaintiff was to remain in the belly chain at all times. (*Id.*). Plaintiff was in the hospital from April 29, 2013 through May 2, 2013 in a belly chain at all times with his leg chained to the bed. (*Id.*). Plaintiff was forced to eat, sleep, and use the bathroom in a belly chain. (*Id.*). The belly chain lock dug into Plaintiff's back the whole time. (*Id.*). Plaintiff was in pain for four days from the belly chain. (*Id.*). In response to grievances, Neven and Foster had responded that Plaintiff had been an escape risk. (*Id.* at 6). Plaintiff alleges an Eighth Amendment violation. (*Id.* at 5).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it may also be proper to consider factors such as the need for application of force, the relationship between that need and the amount of force used, the

threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. *Id*. at 9-10.

The Court dismisses this claim with prejudice as amendment would be futile. There are no allegations that John Doe Sergeant, Cobb, or Backham had left the belly chain on Plaintiff maliciously or sadistically for the purpose of causing harm. Instead, Cobb had called his supervisor to ask whether he could remove the belly chain and was told no. When Plaintiff grieved the issue, Neven and Foster told him that the chain had been left on as an escape precaution.

### III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) is dismissed in its entirety, with prejudice, as amendment would be futile, for failure to state a claim.

IT IS FURTHER ORDERED that the motion for counsel (ECF No. 1-2) is denied as moot.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

///
///
///
///
///
///

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

Dated June 11, 2015.

_____
United States District Judge